NO. 07-00-0404-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 13, 2001

_____

CHRISTOPHER WILLIAMS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B13457-9906; HONORABLE ED SELF, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

**ABATEMENT AND REMAND**

Appellant Christopher Williams was convicted of delivery of a controlled substance, and on August 16, 2000, sentence was imposed at two years confinement in a state jail facility. Appellant timely perfected his appeal and the clerk's record was filed on December 18, 2000. The reporter's record was due to be filed on January 15, 2001. By

letter dated January 17, 2001, Jerry K. Bratcher, Certified Shorthand Reporter, notified this Court of his retirement and certain medical conditions necessitating his request for additional time in which to prepare the reporter's record. Then, by letter dated April 10, 2001, Mr. Bratcher provided this Court with a status report of pending appeals and his intent to have the record in this appeal filed prior to a surgical procedure scheduled for June 18, 2001. To date, however, the reporter's record has not been filed and no reasonable explanation for the delay nor any estimate as to when this Court may expect to receive the reporter's record has been presented.

The trial court and an appellate court are jointly responsible for ensuring that an appellate record is filed. Tex. R. App. P. 35.3(c). Among other duties, the trial court must "help ensure that the reporter's work is timely accomplished by setting work priorities," and may appoint a deputy reporter when the official court reporter is unable to perform the duties. Tex. R. App. P. 13.3 and 13.5. Thus, because Mr. Bratcher is now retired, we abate this appeal and remand the cause to the 242nd District Court of Hale County for further proceedings.

Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine:

(1) whether due to poor health or other reasons, Jerry K. Bratcher is unable to prepare and file the reporter's record within 30 days from the date of hearing; or

2

(2) whether circumstances require the trial court to direct the present court reporter to prepare the record from the notes and materials of Jerry K. Bratcher, or

(3) whether the trial court should appoint a deputy reporter to prepare and file the reporter's record within 30 days from the date of hearing; and

(4) finally, the trial court shall make such orders as in its discretion are appropriate to facilitate the prompt filing of a reporter's record no later than 30 days from the date of the abatement hearing.

The trial court shall cause the hearing to be transcribed and shall execute findings of fact, conclusions of law, and such orders as the court may enter regarding the aforementioned issues and cause its findings and conclusions to be included in a supplemental clerk's record. A supplemental reporter's record of the hearing shall also be included in the appellate record. Finally, the trial court shall file the supplemental clerk's record and the supplemental reporter's record with the Clerk of this Court within 30 days from the date of this order.

Per Curiam

Do not publish.